UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,

    v.

STARBUCKS CORPORATION,

        Defendant.

No. 2:17-cv-01718-KJM-KJN

ORDER

Presently pending before the court is defendant Starbucks Corporation's motion to compel answers to requests for production and interrogatories. (ECF No. 38.) This matter came on regularly for hearing on April 4, 2019, at 10:00 a.m. Elliot Charles Montgomery appeared on behalf of plaintiff, and Arthur Gaus appeared on behalf of defendant. After carefully considering the briefing and oral argument, and for the reasons stated on the record at the hearing, defendant's motion to compel is GRANTED IN PART and DENIED IN PART.

This case is one of scores that plaintiff has filed against Starbucks in federal court in California, based upon allegations that plaintiff encountered barriers to access in violation of Title III of the Americans with Disabilities Act ("ADA") when visiting various Starbucks locations. (ECF No. 43 at 1-2.) Whenever plaintiff visits a business in connection with his ADA litigation activities, he creates an "Intake Form," which notes the date of the visit, and records plaintiff's general experience at the location. (Id. at 2.)

1

Starbucks moves to compel the production of plaintiff's Intake Forms reflecting: (1) plaintiff's visits to the Starbucks locations at issue in this case; (2) plaintiff's visits made to any business on the dates plaintiff allegedly visited the Starbucks locations at issue in this case; and (3) all Intake Forms reflecting a visit to any Starbucks location. (ECF No. 43 at 2.) Plaintiff has declined to produce these documents on the basis of attorney-client privilege and work-product doctrine. (Id.)

Plaintiff's objection as to the attorney-client privilege is not well taken, because the Intake Forms are not communications that were created as communications to plaintiff's attorneys. Further, plaintiff does not appear to stand on this objection, as he did not brief it in the joint statement to the court. (See ECF No. 43.)

"The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 906 (9th Cir. 2004). The Intake Forms are prepared by plaintiff, not his attorneys, and do not contain legal analysis or impressions of his attorneys. Moreover, at the hearing, plaintiff's counsel admitted that plaintiff fills out Intake Forms for visits to businesses that are not related to any pending lawsuit. Thus, the Intake Forms are not protected work product.

Nevertheless, even assuming that the Intake Forms could constitute work product, Starbucks has shown that the materials "are otherwise discoverable under Rule 26(b)(1)" and that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." See Fed. R. Civ. P. 26(b)(3)(A).

Starbucks argues that it has a good faith basis to contest plaintiff's standing in this action, i.e., whether he personally encountered the alleged barriers and truly intended to return to the Starbucks locations. At an evidentiary hearing conducted in the Northern District of California, plaintiff's former employees testified that plaintiff sometimes just did drive-bys of businesses or would send his assistant in to make a purchase and obtain a receipt. See Johnson v. Starbucks Corporation, 3:17-cv-2454-WHA, ECF No. 71. At the hearing in this matter, plaintiff's counsel did not dispute the testimony offered in the Northern District.

Instead of providing the Intake Forms, plaintiff proffers photos taken and receipts obtained at the locations in question. However, such documents do not really address the issues raised in the Northern District action and cannot substitute for production of the Intake Forms. Indeed, United States District Judge William Alsup ordered production of the Intake Forms at issue in the Northern District action on the same basis. See Johnson v. Starbucks Corporation, 3:17-cv-2454-WHA (ECF No. 71).

At the same time, the court finds that at this juncture Starbucks has not adduced sufficient grounds to justify an order to produce all Intake Forms reflecting all of plaintiff's visits to any Starbucks location.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's motion to compel (ECF No. 38) is GRANTED IN PART and DENIED IN PART on the terms of this order.
2. Within fourteen (14) of this order, plaintiff shall produce to defendant the following Intake Forms:
    a. Those relating to plaintiff's visits to the Starbucks locations at issue in this case; and
    b. Those relating to visits made to any business on the dates plaintiff allegedly visited the Starbucks locations at issue in this case.[1]
3. Defendant's motion to compel the production of all Intake Forms reflecting a visit to any Starbucks location is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] These documents may be provided subject to a protective order that is first stipulated to by the parties and submitted to and approved by the court.

3