UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:17-CV-01718-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| STARBUCKS CORPORATION, | |
| Defendant. | |

In this action brought under Title III of the Americans with Disabilities Act ("ADA"), defendant Starbucks Corporation moved to compel production of plaintiff's notes ("Intake Forms") reflecting (1) plaintiff's visits to the Starbucks locations at issue in this case; (2) plaintiff's visits made to any business on the dates plaintiff allegedly visited the Starbucks locations at issue in this case; and (3) all Intake Forms reflecting a visit to any Starbucks location. Mot. to Compel, ECF No. 43. Though plaintiff claimed the Intake Forms were protected by attorney-client privilege and work-product doctrine, the magistrate judge granted the motion to compel, finding the Intake Forms were neither work-product nor communications made to plaintiff's attorneys. Order on Mot. to Compel ("Order"), ECF No. 46, at 2. Even if they did constitute work product, the magistrate judge found Starbucks had shown a "substantial need" for the documents, and they should be produced under Rule 26(b)(3)(A). *Id.* (citing Fed. R. Civ. P. 26(b)(3)(A)).

1

Before the court is plaintiff's request for reconsideration of the magistrate judge's ruling on the motion to compel. Mot. for Reconsideration ("Motion"), ECF No. 53. In the alternative, plaintiff requests a stay of the order granting defendant's motion to compel for thirty days to allow plaintiff to bring a motion for permission to certify the order for immediate appeal pursuant to 28 U.S.C. § 1292(b) and for the parties to brief the issue. *Id.* at 2.

I. LEGAL STANDARDS

    A,    Motion for Reconsideration

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* E.D. Cal. R. 303(f); 28 U.S.C. § 636(b)(1)(A). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 622 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. R. 230(j)(3).

    B.    Request for Stay

A stay is an exercise of judicial discretion in light of the "circumstances of the particular case." *Nken v. Holder,* 556 U.S. 418, 433 (2009) (citation omitted). The factors that inform a decision to stay pending appeal are essentially the same factors applicable to a motion for a preliminary injunction:

> A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest.

*Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Natural*

1 | *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In this circuit, courts also consider an alternative, "sliding scale" approach. *Farris v. Seabrook,* 677 F.3d 858, 864 (9th Cir. 2012). Under this approach, assuming the plaintiff has shown the balance of equities tips in its favor and a stay is in the public interest, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff" can support a stay, even if the plaintiff does not show likely success on the merits. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011).

II. DISCUSSION

Plaintiff argues the court should reconsider the magistrate judge's order, because the magistrate judge did not consider an order issued by Magistrate Judge Donna Ryu in the Northern District, allegedly denying the production of plaintiff's Intake Forms in a similar factual scenario. Mot. at 2. Plaintiff explains the order was not available to the magistrate judge because plaintiff's counsel inadvertently did not include it in the parties' Joint Letter on the issue. *Id.* Despite the purported importance of this non-binding, persuasive authority in support of plaintiff's privilege objection, plaintiff fails to provide any citation to the case on which he relies, describing it only as "Judge Ryu's order," which "had issued . . . two weeks prior" out of the Northern District of California. *Id.* (citing April 4, 2019 Hearing Transcript, ECF No. 52 at 15). Without a citation to, or a copy of, the relevant case, this court cannot be expected to locate the case to which plaintiff refers and, regardless, declines to further use its limited resources to bolster plaintiff's argument.

The court notes that in January 2019, Judge Ryu issued an order in *Johnson v. Starbucks Corp.*, No. 16-CV-00724-DMR, 2019 WL 402359 (N.D. Cal. Jan. 31, 2019), in which she analyzed a similar privilege issue to the one here, regarding plaintiff Scott Johnson's Intake Forms. In that order, finding waiver, Judge Ryu ordered "Johnson [to] produce all intake forms or notes in his possession, custody, or control pertaining to his visits" to the Starbucks location at issue in that case, as well as other related documents. *Id.* at 7.

Thus, plaintiff has not pointed to any "new or different facts or circumstances" or any "other grounds" for his motion, nor has he met his burden to show the magistrate judge's

3

| | |
|---|---|
| 1 | finding was "clearly erroneous."  The request for reconsideration of the magistrate judge's order |
| 2 | granting defendant's motion to compel is DENIED.  *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at |
| 3 | 880 (citation omitted). |
| 4 | For the same reasons, plaintiff has not met his burden of showing "he is likely to |
| 5 | succeed on the merits" of an appeal of the order on defendant's motion to compel.  Accordingly, |
| 6 | plaintiff's request for a stay is also DENIED. |
| 7 | This order resolves ECF No. 46.  This case is referred back to the assigned |
| 8 | magistrate judge for all further discovery proceedings. |
| 9 | IT IS SO ORDERED. |
| 10 | DATED: May 22, 2019. |

_____
UNITED STATES DISTRICT JUDGE